**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
E-mail: Michael.Lowry@wilsonelser.com
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for Keolis Transit Services, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jennylynn Adamwicz, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Keolis Transit Services, LLC, a foreign corporation; Does I through X; and Roe Entities I through X,<br><br>Defendants. | Case No.: 3:22-cv-33<br><br>**Keolis Transit Services, LLC's Petition for Removal** |

Keolis Transit Services, LLC petitions to remove this case to the United States District Court for the District of Nevada from the Eighth Judicial District Court for the State of Nevada. This petition for removal is signed per Rule 11.

Removal is appropriate per 28 U.S.C. § 1441 because diversity jurisdiction is present per 28 U.S.C. 1332. Plaintiff alleges she is a Californian.[1] Keolis Transit Services, LLC is a wholly owned subsidiary of Keolis Transit America, Inc., a Delaware corporation with its principal place of business in Massachusetts. Plaintiff alleges injury from an incident that occurred on September 6, 2019.[2] Although the complaint listed the Regional Transportation Commission of Washoe County, that entity was subsequently dismissed.[3] Keolis is the only remaining defendant.

As to the amount in controversy, on January 11, 2022 Plaintiff filed a motion in state court to exempt her case from a program intended for cases where the amount in controversy is $50,000

---

[1] ECF No. 1-2 at ¶ 2.
[2] *Id*. at ¶ 8.
[3] ECF No. 1-4.

265520652v.1

or less. Plaintiff asserted exemption was warranted because Plaintiff has medical bills in excess of $30,543.65.[4]

In prior cases in this district, the types of injuries and damages asserted here have indicated an amount in controversy exceeding $75,000. In *Doelamo v. Karl-Heinz* the defendant argued more than $75,000 was in dispute because plaintiff alleged "approximately $22,000 in past medical damages, and he argues that it is more likely than not that if Plaintiff is successful on his claims for lost wages, future medical damages for his 'permanent' condition(s), past and future pain and suffering, and attorney's fees, he will recover more than $75,000 total in the case."[5] This was sufficient to create subject matter jurisdiction.

> In the Court's experience, a personal injury claim including $22,000 in past medical bills will normally include a plea to a jury for several times this amount in future medical bills, particularly where one alleges a permanent condition related to the injury. The Court can conclude this without even considering pain and suffering, lost wages, or attorney's fees. Considering those measures of damages and fees, as well, it is nearly certain that Plaintiff in reality seeks more than $75,000. The Court has little doubt that Plaintiff will ask the jury to award him more than $75,000, whether in this Court or in state court.

In *Canonico v. Seals* the plaintiff conceded at least $50,000 was in dispute due to past and future medical treatment and property damage.[6] "The remaining question is whether more than $25,000 is at stake in the form of pain and suffering, loss of earning capacity, loss of enjoyment of life, compensatory damages, attorney's fees, and costs. It almost certainly is."

In *Perreault v. Wal-Mart Stores, Inc.* the complaint sought an amount in excess of $10,000.00, as well as special damages, reasonable attorney's fees, costs, and other appropriate relief.[7] The plaintiff provided an itemized list of her then-current medical costs, totaling $38,769.60 and noted that her medical bills were continuing to "trickle in." The amount in controversy threshold was satisfied as "it appears likely that plaintiff's total requested damages exceed $75,000.00."

---

[4] ECF No. 1-6.
[5] No. 2:14-cv-339, 2014 U.S. Dist. LEXIS 72664 (D. Nev. May 27, 2014).
[6] No. 2:13-cv-316, 2013 U.S. Dist. LEXIS 60047 (D. Nev. Apr. 25, 2013).
[7] No. 2:16-cv-809, 2016 U.S. Dist. LEXIS 115591 (D. Nev. Aug. 29, 2016).

265520652v.1

Given these facts, diversity of citizenship is present, the amount in controversy exceeds $75,000, and the removal petition was timely filed.

DATED this 21st day of January, 2022.

**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

BY: */s/ Michael Lowry*
MICHAEL P. LOWRY
Nevada Bar No. 10666
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
Attorneys for Keolis Transit Services, LLC

**Certificate of Service**

Pursuant to Rule 5, I certify that I am an employee of Wilson Elser Moskowitz Edelman & Dicker LLP, and that on January 21, 2022, I served **Keolis Transit Services, LLC's Petition for Removal** as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

| |  |
|---|---|
| Tanner Churchill Anderson<br>4001 Meadows Lane<br>Las Vegas, NV 89107<br>Attorneys for Jennylynn Adamwicz | |

BY:  */s/ Michael Lowry*
An Employee of
**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

-3-

265520652v.1