FILED
Electronically
CV21-01548
2021-08-20 01:20:18 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 8606603 : csulezic

# DISTRICT COURT CIVIL COVER SHEET

WASHOE County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| JENNYLYNN ADAMWICZ | REGIONAL TRANSPORTATION COMMISSION OF WASHOE COUNTY; |
| c/o TANNER CHURCHILL ANDERSON | KEOLIS TRANSIT SERVICES, LLC |
| 4001 MEADOWS LANE | |
| LAS VEGAS, NV 89107 | |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| DAVID A. TANNER, ESQ. | |
| TANNER CHURCHILL ANDERSON | |
| 4001 MEADOWS LANE | |
| LAS VEGAS, NV 89107 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

**Civil Case Filing Types**

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer (UD) | ☒ Auto (VP) | ☐ Product Liability (PL) |
| ☐ Other Landlord/Tenant (LT) | ☐ Premises Liability (SF) | ☐ Intentional Misconduct (IM) |
| **Title to Property** | ☐ Other Negligence (NO) | ☐ Employment Tort (WT) |
| ☐ Judicial Foreclosure (FC) | **Malpractice** | ☐ Insurance Tort (IN) |
| ☐ Other Title to Property (OT) | ☐ Medical/Dental (MD) | ☐ Other Tort (TO) |
| **Other Real Property** | ☐ Legal (LG) | |
| ☐ Condemnation/Eminent Domain (CD) | ☐ Accounting (AG) | |
| ☐ Other Real Property (RO) | ☐ Other Malpractice (MG) | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration (SU) | ☐ Chapter 40 (CQ) | ☐ Foreclosure Mediation Case (FO) |
| ☐ General Administration (FA) | ☐ Other Construction Defect (CF) | ☐ Petition to Seal Records (PS) |
| ☐ Special Administration (SL) | **Contract Case** | ☐ Mental Competency (MT) |
| ☐ Set Aside (SE) | ☐ Uniform Commercial Code (UN) | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship (TN) | ☐ Building and Construction (BC) | ☐ Department of Motor Vehicle (DM) |
| ☐ Other Probate (OP) | ☐ Insurance Carrier (BF) | ☐ Worker's Compensation (SI) |
| **Estate Value** | ☐ Commercial Instrument (CI) | ☐ Other Nevada State Agency (ON) |
| ☐ Over $200,000 | ☐ Collection of Accounts (CT) | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract (EC) | ☐ Appeal from Lower Court (CA) |
| ☐ Under $100,000 or Unknown | ☐ Other Contract (CO) | ☐ Other Judicial Review/Appeal (AO) |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus (HB) | ☐ Writ of Prohibition (WP) | ☐ Compromise of Minor's Claim (CM) |
| ☐ Writ of Mandamus (WM) | ☐ Other Civil Writ (WO) | ☐ Foreign Judgment (FJ) |
| ☐ Writ of Quo Warrant (WQ) | | ☐ Other Civil Matters (GC) |

*Business Court filings should be filed using the Business Court civil coversheet.*

8/6/21
Date

Signature of initiating party or representative

**COMP**
DAVID A. TANNER, Esq.
Nevada Bar No. 8282
DAVID J. CHURCHILL, Esq.
Nevada Bar No. 7308
JARED B. ANDERSON, Esq.
Nevada Bar No. 9747
**TANNER CHURCHILL ANDERSON**
    Main Office:
    4001 Meadows Lane
    Las Vegas, NV 89107
Telephone (702) 868-8888
Facsimile (702) 868-8889
dtanner@tcafirm.com
*Attorneys for Plaintiff*

**IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

**IN AND FOR THE COUNTY OF WASHOE**

| | |
|---|---|
| JENNYLYNN ADAMWICZ, an individual, | CASE NO. |
| Plaintiff, | DEPT. NO. |
| vs. | |
| REGIONAL TRANSPORTATION COMMISSION OF WASHOE COUNTY, a Nevada entity; KEOLIS TRANSIT SERVICES, LLC, a foreign corporation; DOES I through X; and ROE ENTITIES I through X, | **COMPLAINT** |
| Defendants. | |

COMES NOW, Plaintiff, JENNYLYNN ADAMWICZ, by and through her attorney, David A. Tanner, Esq. of the Tanner Churchill Anderson Law Firm, and complain and allege against Defendants, and each of them, as follows:

. . .

. . .

1

## THE PARTIES

1. This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1), as the facts alleged occurred in Washoe County, Nevada and involve an amount in controversy in excess of $15,000.00. Venue is proper pursuant to NRS 13.040, as Defendant, or any one of them resided in Washoe County, Nevada at the commencement of this action.

2. At all times relevant hereto, Plaintiff, JENNYLYNN ADAMWICZ ("Jennylynn"), is and was a resident of El Dorado County, California.

3. Plaintiff believes that at all times relevant hereto, Defendant, REGIONAL TRANSPORTATION COMMISSION OF WASHOE COUNTY ("RTC") is and was a Nevada entity and was licensed to and conducting business in Washoe County, Nevada.

4. Plaintiff believes that at all times relevant hereto, Defendant, KEOLIS TRANSIT SERVICES, LLC ("KEOLIS") is and was a foreign corporation and was licensed to and conducting business in Washoe County, Nevada.

5. Plaintiff believes that RTC owned and maintained the busses operating in Washoe County, Nevada.

6. Plaintiff believes that RTC contracted with KEOLIS TRANSIT SERVICES, LLC to operate, maintain, and manage the busses operating in Clark County.

7. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendant Does I through X and Roe Corporations I through X are unknown to Plaintiff at this time, who therefore sue said Defendant by such fictitious names. Plaintiff is informed and believes and therefore alleges that the Defendant designated as Does and Roe Corporations are responsible in some manner for the events and happenings referred to as alleged herein. Plaintiff is informed and believes that Does I through X and Roe Corporations I through X are the employers, employees, masters, servants, or agents of each other and were acting in the capacity of their employment or agency. Plaintiff believes that they were driving or operating the bus carrying Plaintiff. Plaintiff further believes and alleges that the Doe and Roe defendants allowed or authorized the vehicle involved to be used by the operators of those vehicles, or otherwise trained, oversaw, hired, or supervised the operators of the vehicles.

Plaintiff further believes and alleges that the unknown Defendants were in some other way involved in the subject incident. Plaintiff believes they were responsible to hire, train, or supervise the driver. An additional description of some of the possible Doe or Roe Defendants is set forth later in this Complaint. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of Does I through X and Roe Corporations I through X when the same have been ascertained and to join such Defendants in this action.

## GENERAL ALLEGATIONS

8. On or about September 6, 2019, Plaintiff, Jennylynn Adamwicz ("Jennylynn") was a passenger on Bus No. 611 owned, operated, and maintained by the Defendants, RTC, and KEOLIS TRANSIT SERVICES, LLC.

9. At the time, Jennylynn was a passenger on the RTC Bus No. 611 being driven by an unknown driver.

10. Plaintiff believes that the unknown driver was an employee or agent of RTC, or KEOLIS TRANSIT SERVICES, LLC and was driving Bus No. 611 at the time Jennylynn was a passenger on that bus.

11. Plaintiff entered the RTC Bus No. 611 on a wheelchair.

12. Before proceeding, the unknown driver is to lock the wheelchair in place.

13. The unknown driver did not help Jennylynn secure her wheelchair.

14. Therefore, Jennylynn had to secure the wheelchair herself.

15. Jennylynn tried lifting the wheelchair in place because the unknown driver refused to help.

16. In doing so, Jennylynn injured herself.

17. Plaintiff believes that her injury was the fault of the operator of Bus No. 611.

18. Plaintiff believes that the unknown driver of Bus No. 611 failed to pay appropriate attention, failed to keep a proper lookout, failed to secure the wheelchair, thus causing injuries to Plaintiff.

19. When the unknown driver of Bus No. 611 negligently and recklessly failed to pay appropriate attention, failed to keep a proper lookout, failed to secure the wheelchair in place, the Plaintiff was injured.

20. Plaintiff believes that at all times relevant herein, the Defendants and each of them were the employees or agents of the other Defendants and were acting in the course and scope of their employment or agency.

## FIRST CAUSE OF ACTION
### (Negligence)

21. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 20 as though fully set forth herein.

22. Defendants had a duty to operate their vehicles in a safe manner which includes, but is not limited to, paying appropriate attention, keeping a proper lookout, making sure all passengers are safely seated, and securing any items such as a wheelchair.

23. Defendants breached these duties. Defendants' breach of these duties proximately caused harm to Plaintiff.

24. As a result of Defendants' conduct, Plaintiff has suffered damages, and she is entitled to damages in excess of $15,000.00.

25. As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Negligence Per Se)

26. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 25 as though fully set forth herein.

27. At all times mentioned herein, there were in force statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendants.

28. That Plaintiff was a member of the class of persons for whose protection said statutes, ordinances, and regulations were enacted or promulgated.

29. That Plaintiff's injuries were the type which said statutes, ordinances, and regulations were intended to prevent.

30. As a result of Defendants' conduct, Plaintiff has suffered damages, and she is entitled to damages in excess of $15,000.00.

31. As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (Negligent Hiring, Training, and Supervision)

32. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 39 as though fully set forth herein.

33. RTC and KEOLIS TRANSIT SERVICES, LLC had a duty to hire competent persons, properly train them for tasks they would perform, and supervise them in the performance of those tasks.

34. Upon information and belief, RTC and KEOLIS TRANSIT SERVICES, LLC breached their duty in the hiring, training, and supervision of its employees, including the unknown driver of the Bus No. 611.

35. As a result of Defendants' conduct, Plaintiff has suffered damages, and she is entitled to damages in excess of $15,000.00.

36. As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damages thereby, and is entitled to reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Respondent Superior/Vicarious Liability)

37. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 42 as though fully set forth herein.

38. At all times relevant herein, the unknown driver of the bus was an employee or agent of RTC or KEOLIS TRANSIT SERVICES, LLC and was acting within the course and scope of his employment.

39. Accordingly, RTC or KEOLIS TRANSIT SERVICES, LLC are vicariously liable for the damages caused by the actions and negligence of the driver of the Bus No. 611.

40. As a result of Defendants' conduct, Plaintiff has suffered damages, and she is entitled to damages in excess of $15,000.00.

41. As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants as follows:

1. General damages in an amount in excess of $15,000.00;
2. Special damages in an amount in excess of $15,000.00;
3. Costs of suit and attorneys' fees;
4. For judgment for interest; and
5. For such other and further relief as this Court deems just and proper.

...
...
...
...
...
...
...

**AFFIRMATION**

**(NRS 239B.030)**

The undersigned does hereby affirm that the preceding document filed in the Second Judicial District of the State of Nevada in and for the County of Washoe does not contain any personal information.

DATED this 6 date of August, 2021.

By: _____
DAVID A. TANNER, Esq.
Nevada Bar No. 8282
DAVID J. CHURCHILL, Esq.
Nevada Bar No. 7308
JARED B. ANDERSON, Esq.
Nevada Bar No. 9747
**TANNER CHURCHILL ANDERSON**
Main Office:
4001 Meadows Lane
Las Vegas, NV 89107
Telephone (702) 868-8888
Facsimile (702) 868-8889
dtanner@tcafirm.com
*Attorneys for Plaintiff*

7