1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JENNYLYNN ADAMWICZ,

      Plaintiff,

    vs.

KEOLIS TRANSIT SERVICES, LLC, a
foreign corporation, et al.,

      Defendants.

Case No. 3:22-CV-00033-LRH-CSD

**ORDER**

     Plaintiff Jennylynn Adamwicz initiated this action in the Second Judicial District Court for Washoe County, Nevada on August 20, 2021.  On January 21, 2022, Defendant Keolis Transit Services, LLC ("KTS") filed a notice of removal to this Court (ECF No. 1),[1] asserting diversity jurisdiction.

     After review of the complaint, Defendant's petition for removal and statement of removal, the Court finds that it requires more evidence to determine whether it has subject matter jurisdiction over this case.  While it appears that the parties are of diverse citizenship,[2] Defendant has not demonstrated that the amount in controversy exceeds $75,000.

**BACKGROUND**

     Adamwicz alleges she was injured while attempting to board one of the buses that KTS operates.  The Regional Transportation Commission of Washoe County ("RTC") contracts with

---

[1] Refers to the Court's docket entry number

[2] Plaintiff alleges she is a Californian and Defendant is a Delaware corporation with its principal place of business in Massachusetts. (ECF No. 1.)

1    KTS to operate certain bus services in Washoe County.  KTS hires, trains, supervises, and employs

2    the drivers who drive the buses. Although the complaint listed the RTC, the entity was

3    subsequently dismissed and KTS is the only remaining defendant.  (ECF No. 1-4 at 1.)

4        Adamwicz's state court complaint alleges negligence, negligence per se, negligent hiring,

5    training, supervision, and respondent superior/vicarious liability.  (ECF No. 1-2.)  Adamwicz's

6    prayer for relief demands, "general damages in excess of $15,000.00, special damages in excess

7    of $15,000.00, costs of suit and attorney's fees, judgment for interest and further relief as this Court

8    deems just and proper." (ECF No. 1-2 at 7.)  KTS's state court answer affirmative defenses allege

9    comparative negligence and failure to mitigate damages.  (ECF No. 1-5 at 3.)

10        KTS premises removal on diversity jurisdiction and the amount in controversy exceeds

11   $75,000.  (ECF No. 1.)  Specifically, KTS alleges Adamwicz is a Californian and KTS is a wholly

12   owned subsidiary of Keolis Transit America, Inc., a Delaware corporation with its principal place

13   of business in Massachusetts and an amount in controversy exceeding $75,000.00 (ECF No. 1.)

14                                              **DISCUSSION**

15        If a district court discovers it lacks original jurisdiction over a removed claim it must

16   remand the case to state court.  *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004)

17   ("We are obligated to consider sua sponte whether we have subject matter jurisdiction."). A

18   defendant may remove any civil action from state court to the federal district court "embracing"

19   the place where the action is pending if that district court has original jurisdiction. 28 U.S.C.

20   § 1441(a). A federal district court has original jurisdiction where (1) the action is between citizens

21   of different states, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and

22   costs. 28 U.S.C. § 1332(a). Here, Adamwicz does not contest diversity of citizenship and it is clear

23   to the Court that complete diversity exists between the parties.[3]

24        To determine if the amount in controversy requirement is met, the Court first considers

25   what is "facially apparent" from the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d

26   373, 377 (9th Cir. 1997). In doing so, the Court simply reads the complaint to determine the amount

27   _____

28        [3] Plaintiff alleges she is a Californian and Defendant is a Delaware corporation with its
     principal place of business in Massachusetts.

in controversy. *Id.* at 375. In Nevada state courts, where demanded damages exceed $15,000.00, the pleader must request damages "in excess of $15,000.00," without further specification of the amount. Nev. R. Civ. P. 8(a)(4).

Adamwicz's state court complaint alleges negligence, negligence per se, negligent hiring, training, supervision, and respondent superior/vicarious liability. (ECF No. 1-2.) Adamwicz's prayer for relief demands, "general damages in excess of $15,000.00, special damages in excess of $15,000.00, costs of suit and attorney's fees, judgment for interest and further relief as this Court deems just and proper." (ECF No. 1-2 at 7.) In Adamwicz's petition for exemption from arbitration, she only listed medical expenses incurred to date in the amount of $30,543.65. (ECF No. 1-6 at 3.)

When the amount of damages is unclear from plaintiff's state court complaint, the defendant has the burden of proving "by a preponderance of the evidence," that the required amount in controversy is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Here, the burden to demonstrate that the amount in controversy is greater than $75,000.00, rests with KTS and the Court decides whether that burden has been satisfied.

To satisfy this burden, the defendant "must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum." *Muniz v. Pilot Travel Centers LLC*, Case No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Courts in this circuit "may consider facts in the removal petition" to determine whether the defendant has established the requisite amount in controversy. *Singer*, 116 F.3d at 377. However, the defendant's assertion that the amount in controversy exceeds the jurisdictional minimum cannot be supported by conclusory allegations. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). In *Valdez*, the Ninth Circuit found that one supporting statement offered by an insurer in its removal petition was not sufficient to show by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. 372 F.3d at 1117 (rejecting the insurer's claim that "upon information and belief, [it] submit[s] that the amount in controversy . . . exceeds $75,000.00."). The *Valdez* Court concluded that a statement based solely on the defendant's

1    "'[i]nformation and belief' hardly constitutes proof by a preponderance of the evidence." *Id.*

2    "Where doubt regarding the right to removal exists, a case should be remanded to state court."

3    *Matheson*, 319 F.3d at 1090.

4           Here, in asserting that the amount in controversy requirement has been satisfied, KTS relies

5    solely on the allegations in Adamwicz's complaint and petition for exemption from arbitration

6    (ECF Nos. 1-2, 1-6.)  However, the Court finds that it is not facially apparent from the complaint

7    that more than $75,000 is in controversy.  To the contrary, based on the allegations in the

8    complaint, a reasonable inference is that the amount in controversy is less than the jurisdictional

9    threshold.[4]  Accordingly, jurisdiction has not been established.

10          The Court will provide Defendant additional time to present "summary-judgment-type

11   evidence" showing by a preponderance of the evidence that this case meets § 1332(a)'s amount in

12   controversy requirement.

13          IT IS THEREFORE ORDERED that Defendant is granted twenty (20) days from entry of

14   this Order to establish the minimum amount in controversy for federal jurisdiction.  Plaintiff is

15   granted ten (10) days to file an opposition.  No reply is required.

16          IT IS SO ORDERED.

17

18          DATED this 25th day of January, 2022.

19

20

21                                                      _____
                                                        LARRY R. HICKS
22                                                      UNITED STATES DISTRICT JUDGE

23

24   _____

25          [4] The Court notes in particular that, according to the petition for exemption from
     arbitration, Adamwicz only asserts medical bills in excess of $30,543.65. (ECF No. 1-6 at 3.) The
26   Court further notes that, although Plaintiff seeks general and special damages, the mere possibility
     of a damages award is not sufficient to prove that the amount in controversy requirement has been
27   met.  Instead, Defendant must present evidence indicating that the amount of damages Plaintiff
     seeks will, more likely than not, exceed the amount needed to increase the amount in controversy
28   to more than $75,000.  *See McCaa v. Massachusetts Mutual Life Insurance Company*, 330 F. Supp.
     2d 1143, 1149 (D. Nev. 2004).