UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JENNYLYNN ADAMWICZ,<br><br>                   Plaintiff,<br><br>  v.<br><br>KEOLIS TRANSIT SERVICES, LLC, a foreign corporation, et al.,<br><br>                   Defendants. | Case No. 3:22-cv-00033-LRH-CSD<br><br>ORDER |

       Plaintiff Jennylynn Adamwicz initiated this action in the Second Judicial District Court for Washoe County, Nevada on August 20, 2021. On January 21, 2022, Defendant Keolis Transit Services, LLC filed a notice of removal to this Court (ECF No. 1), asserting diversity jurisdiction. The Court found that the parties were diverse in citizenship but ordered additional briefing to allow Defendant to present summary judgment type evidence to satisfy the amount in controversy requirement. ECF No. 8 at 2, 4. Having reviewed the parties' responses, the Court finds that the amount in controversy requirement is not satisfied.

       To determine if the amount in controversy requirement is met, the Court first considers whether it is facially apparent from the plaintiff's state court complaint that the amount in controversy exceeds $75,000 exclusive of interest and costs. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If it is not facially apparent from the complaint, the defendant must prove by the preponderance of the evidence that the amount in controversy requirement is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The evidence presented must indicate that the amount of damages plaintiff seeks will, more likely than not, satisfy the amount in controversy requirement. *See McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004).

The Court previously found that Plaintiff's state court complaint did not make it facially apparent that the amount in controversy exceeds $75,000 exclusive of interest and costs. ECF No. 8 at 4. Plaintiff alleged $30,543.65 in medical expenses and unspecified damages for "her past and future pain and suffering, loss of household services, and loss of enjoyment of life." ECF No. 1-6 at 3. The Court reasoned that, although Plaintiff seeks general and special damages, the possibility of a damages award in excess of $75,000 is not sufficient to prove that the amount in controversy requirement has been satisfied. ECF No. 8 at 4. Rather, a reasonable inference from Plaintiff's complaint and petition for exemption from arbitration is that the amount in controversy is less than the jurisdictional threshold. *Id.* Finding that the allegations in the complaint and petition did not satisfy the amount in controversy requirement, the Court provided Defendant with an opportunity to present summary judgment type evidence. *Id.*

However, Defendant continues to assert that Plaintiff's allegations in the complaint and petition are enough to satisfy the requirement. Though Defendant concedes that it is not "facially apparent" that the amount in controversy requirement is satisfied, the only evidence it relies upon is Plaintiff's allegations from the complaint and the petition for exemption from arbitration. As the Court previously found, this evidence alone does not demonstrate that the amount in controversy requirement is met and Defendant's citations to nonbinding precedent do not persuade the Court otherwise. Defendant was offered the opportunity to present summary judgment type evidence that shows the amount of damages Plaintiff seeks will, more likely than not, satisfy the requirement. Having chosen not to present any evidence, the jurisdictional threshold has clearly not been proven to the Court. The Court finds that Defendant did not prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 exclusive of interest and costs. Therefore, the Court does not have jurisdiction over this case and, accordingly,

IT IS HEREBY ORDERED that the Clerk of the Court shall remand this case to the Second Judicial District Court for Washoe County, Nevada and close the case.

DATED this 16th day of February, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2